FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 NOV 12 AM 9:36
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

MOHAMED MIDDLE, #1509411,
 Petitioner,
v.       CIVIL ACTION NO. PWG-15-3333

ROBERT L. GREEN et al.,
 Respondents.

\*\*\*\*\*

## MEMORANDUM OPINION

Petitioner Mohamed Middle, a prisoner housed at the Montgomery County Correction Facility, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Pet., ECF No. 1, as supplemented, Suppl. Motion of Notice and Introduction, ECF No. 2. Because it is unclear whether Middle's petition is exhausted, Middle will be granted an opportunity to further supplement his pleadings.

### Procedural History

Middle seeks to invalidate his convictions in the Circuit Court for Montgomery County for stalking, harassment, malicious destruction of property, and violation of a protective order for which three years of incarceration was imposed on August 1, 2014. *Maryland v. Middle*, No. 124298C (Cir. Ct. Montgomery Cnty. filed Jan. 24, 2014);[1] *see also* Pet. 2. Middle appealed his conviction to the Court of Special Appeals of Maryland, arguing that the Circuit Court erred in admitting the entirety of the protective order instead of admitting only the first page. Pet. 2–3.

---

[1]  The record for this case is available through the Maryland Judiciary Case Search (http://casesearch.courts.state.md.us/casesearch/). Middle also was found guilty on August 12, 2014, for a violation of probation and sentenced to one year of incarceration with credit for 156 days served, to be served consecutive to all other sentences. *Maryland v. Middle*, No. 122246C (Cir. Ct. Montgomery Cnty. filed Feb. 21, 2013). The violation of probation conviction is not at issue here.

The judgment of conviction was upheld in an unreported decision. *See Middle v. Maryland*, No. 1431, 2015 WL 5968904 (Md. Ct. Spec. App. July 8, 2015). Middle's petition for certiorari review was denied by the Court of Appeals of Maryland on October 28, 2015. *See Middle v. Maryland*, Pet. Docket No. 329 (Md. Oct. 19, 2015).

Middle indicates he filed a state habeas corpus petition in the Montgomery County Circuit Court on October 18, 2015, and that preparation of a state post-conviction petition is "in progress." Pet. 3–5. He alleges violations of due process based on improper admission of other crime evidence contained in the body of the protective order. *Id.* at 7. His claim appears to be related to the issue raised on direct appeal and may be exhausted for the purpose of federal habeas relief. Middle also states that he intends to "present supplemental issues" in this petition after completion of additional state court proceedings. *Id.*

## Analysis

Before a petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b)–(c). In Maryland, this may be accomplished by proceeding after conviction with certain claims on direct appeal and thereafter seeking certiorari to the Court of Appeals, and with other claims by way of a post-conviction petition, followed by petitioning the Court of Special Appeals for leave to appeal.

Middle requests permission to supplement his petition with additional grounds for relief after completing pending state court proceedings. Pet. 5. In essence, he is seeking stay and abeyance pending completion of state review of yet unidentified claims. Stay and abeyance is

2

available in limited circumstances "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). It is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and is unavailable if the unexhausted claims are "plainly meritless." *Id.*

Middle offers no explanation as to what claims he intends to raise, when his state post-conviction claims will be initiated, or why this court should grant a stay. In light of his self-represented status, he will be provided an opportunity to supplement his apparent request for stay and abeyance with any claim he might have to support a finding for good cause to excuse his failure to exhaust. Alternatively, he may (1) inform this court that he wishes to proceed at this time on his sole exhausted ground for relief concerning the admissibility of the entire protective order, or (2) ask to withdraw this case without prejudice, which would allow him to return to federal court after complete exhaustion of all of his claims, including those he may present in state post-conviction proceedings.[2]

Middle is advised that should he choose to proceed solely on his evidentiary claim concerning the protective order, his ability to later seek habeas relief from this court on other grounds will be greatly restricted. Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate federal circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).

---

[2] Middle is advised that a one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This one-year period is tolled while properly filed post-conviction proceedings or other collateral review proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000) (one-year limitations period subject to equitable tolling); *see also Wall v. Kholi*, 562 U.S. 545, 549 (2011).

Thus, before this court may consider any second petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to consider the petition for habeas corpus relief. *See* 28 U.S.C. § 2244(b)(3)(A); *In re Vial*, 115 F.3d 1192, 1197–98 (4th Cir. 1997) (en banc).

## ORDER

For the foregoing reasons, it is this 12th day of November, 2015, by the United States District Court for the District of Maryland, hereby ordered that:

1. Petitioner's motion for leave to proceed in forma pauperis, ECF No. 3, IS GRANTED;

2. Petitioner IS GRANTED twenty-one days from the date of this Order to supplement his petition as noted herein; and

3. The Clerk SHALL SEND a copy of this Order to petitioner.

_____
Paul W. Grimm
United States District Judge

4