IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MOHAMED MIDDLE, #1509411 :

    Petitioner :

v : Civil Action No. PWG-15-3333

ROBERT L. GREEN and :
THE ATTORNEY GENERAL OF THE STATE
  OF MARYLAND :

    Respondents :
                                o0o

## MEMORANDUM OPINION

Petitioner Mohamed Middle, a prisoner housed at the Montgomery County Correction Facility, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Pet., ECF No. 1, as supplemented, Supp. Mot. of Notice & Intro., ECF No. 2. Because it was unclear whether Middle's petition was exhausted,[1] Middle was given an opportunity to supplement his proceedings. Nov. 12, 2015 Order, ECF No. 4. Middle has done so. Supp. Pet., ECF No. 5. For reasons noted herein, Middle's requests for stay and abeyance and appointment of counsel are DENIED, and his request to proceed with his sole exhausted claim is GRANTED, requiring response from the State.

### Procedural History

As noted in the Memorandum Opinion filed November 12, 2015, Middle seeks to invalidate his convictions in the Circuit Court for Montgomery County for stalking, harassment, malicious destruction of property, and violation of a protective order for which three years of

---

[1] Before a petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

incarceration was imposed on August 1, 2014. *Maryland v. Middle,* No. 124298C (Cir. Ct. Montgomery Cnty., filed Jan. 24, 2014);[2] *see also* Pet. 2. Middle appealed his conviction to the Court of Special Appeals of Maryland, arguing that the Circuit Court erred in admitting the entirety of the protective order instead of admitting only the first page. The judgment of conviction was upheld in an unreported decision issued on July 8, 2015. *See Middle v. Maryland,* No. 1431, 2015 WL 5968904 (Md. Ct. Spec. App. July 8, 2015). Middle's petition for certiorari review was denied by the Court of Appeals of Maryland on October 28, 2015. *See Middle v. Maryland,* 123 A.3d 1006 (Md. Oct. 19, 2015) (Table).

Middle indicates that he filed a state habeas corpus petition in the Montgomery County Circuit Court on October 18, 2015, and that a state post-conviction petition is "in progress." Pet. 3-5. He alleges violations of due process based on improper admission of other crime evidence contained in the body of the protective order. *Id.* at 7. His allegations appear to be related to the issue raised on direct appeal, and may be exhausted for the purpose of federal habeas relief. Middle also states that he intends to "present supplemental issues" in this petition after completion of additional state court proceedings. *Id.*

In his supplemental pleading, Middle outlines the claims he intends to pursue by way of state post-conviction review. Most claims center around allegations of ineffective assistance of counsel, while others focus on evidentiary issues. Supp. Pet. 1-7. Middle asks for stay and abeyance of this case in order to complete review of these claims in the state courts. *Id.* at 7. Alternatively, he asks that his claim of due process violations based on improper admission of

---

[2] The record for Criminal Case No. 124298C, is available through the Maryland Judiciary Case Search (http://casesearch.courts.state.md.us/casesearch/). Middle also was found guilty on August 12, 2014, for a violation of probation in Criminal Case No. 122246C and sentenced to one year of incarceration with credit for 156 days served, to be served consecutive to all other sentences. *Maryland v. Middle,* No. 122246C (Cir. Ct. Montgomery Cnty, filed Feb. 21, 2013). The violation of probation conviction is not at issue here.

other crime evidence, which appears to be exhausted, proceed, and counsel be appointed to further develop that claim. *Id.*

### Analysis

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Id.* at 278.

Claims of ineffective assistance of counsel present issues most often raised by Maryland prisoners by way of post-conviction review, and Middle indicates that the preparation of his state post-conviction petition is underway.[3] Middle presents no apparent reason for granting stay and abeyance, and his request is denied. *See id.*

Middle has been advised of the possible consequences should he elect to proceed on his sole exhausted claim. Nov. 12, 2015 Order 3-4. He nonetheless chooses to proceed with habeas review of this claim at this time. Supp. Pet. 7. Respondents shall respond to that claim.

There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may provide counsel for an indigent prisoner pursuing a petition for habeas corpus if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(2)(B). Rule 6(a) of the Rules Governing Section 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures." Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary

---

[3] I decline to speculate as to the merits of these and other claims outlined in Middle's initial and supplemental petitions.

hearing is required." Middle has adequately articulated his claims, and the issue presented is not unduly complex. At this stage of the proceedings, it does not appear that an evidentiary hearing is warranted. Therefore, Middle's request for appointment of counsel, incorporated in his Supplemental Petition, Supp. Pet. 7, will be denied without prejudice, pending examination of the State's response.

Accordingly, it is this \_\_ day of December, 2015, hereby ORDERED that:

1. Petitioner's request for appointment of counsel, incorporated in ECF No. 5, IS DENIED without prejudice;

2. Petitioner's request for stay and abeyance, incorporated in ECF No. 5, IS DENIED;

3. Respondents SHALL FILE an Answer to the Petition within SIXTY DAYS;

4. Respondents SHALL PROVIDE copies of all relevant opinions, materials, and transcripts to the court with their answer and provide same to Petitioner;

5. Pursuant to Amended Rule 5(e) Governing 28 U.S.C. § 2254 Cases, Petitioner MAY REPLY thirty (30) days after service of Respondents' Answer; and

6. The Clerk SHALL SEND a copy of this Order to Petitioner and SHALL SEND a copy of the Order and Petition to Edward J. Kelley, Office of the Attorney General State of Maryland, Criminal Appeals Division.

_____
Paul W. Grimm
United States District Judge